## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DAVID RHEE, as Personal Representative of the Estate of Justin Krantz,<br><br>               Plaintiff,<br><br>vs.<br><br>CORECIVIC INC.,<br>WARDEN ROBERT NILIUS,<br>OFFICER L. RODRIGUEZ,<br>OFFICER T. TOWNLEY,<br>OFFICER N. WEIS,<br>OFFICER K. WEST, and<br>OFFICER J. QUINTANA,<br><br>               Defendants. | Case No. 1:24-cv-00082-MIS-JMR |

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST COMPLAINT FOR DAMAGES</u>

Defendants CoreCivic, Inc., Nilius, Quintana, Weis, West, Rodriguez, and Townley (collectively "Defendants") through counsel, as and for their Answer to Plaintiff's First Amended Complaint, deny each allegation and each claim for relief contained in the First Amended Complaint which is not expressly admitted or otherwise pled to. Defendants admit, deny, and allege as follows:

### JURIDICTION AND VENUE

1.    In answering Paragraph 1 of Plaintiff's First Amended Complaint, Defendants admit only that Plaintiff has alleged deprivations of rights under the United States Constitution pursuant to 42 U.S.C. § 1983, the Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

Defendants deny the remaining allegations and specifically deny liability for the alleged violations.

2.    In answering Paragraph 2 of Plaintiff's First Amended Complaint, Defendants admit that venue is proper in this Court.

## PARTIES

3.    In answering Paragraph 3 of Plaintiff's First Amended Complaint, Defendants admit that Justin Krantz ("Detainee Krantz") was a detainee at the Cibola County Correctional Center ("CCCC") at the time of his death. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this Paragraph, and on that basis deny them.

4.    In answering Paragraph 4 of Plaintiff's First Amended Complaint, Defendants admit only that CoreCivic operated CCCC in Milan, New Mexico and that Warden Nilius and the individually named Officer Defendants were employed by CoreCivic at CCCC at the time of the incident that forms the basis of Plaintiff's lawsuit. Defendants deny the remaining allegations.

5.    In answering Paragraph 5 of Plaintiff's First Amended Complaint, Defendants admit that Warden Nilius was employed by CoreCivic as the Warden at CCCC and was acting within the course and scope of his employment at the time of the incident that forms the basis of Plaintiff's lawsuit.  Defendants deny the remaining allegations.

6.    In answering Paragraph 6 of Plaintiff's First Amended Complaint, Defendants admit that Defendants Rodriguez, Townley, Weis, West, and Quintana were employees of Defendant CoreCivic at the time of the incident that forms the basis of Plaintiff's lawsuit. Defendants deny the remaining allegations.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.      In answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendants deny the allegations based on the cited docket.

8.      In answering Paragraph 8 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

9.      In answering Paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

10.     In answering Paragraph 10 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

11.     In answering Paragraph 11 of Plaintiff's First Amended Complaint, Defendants admit that Detainee Krantz was initially prescribed Lithium Carbonate 150 MG, 1 capsule to be taken twice a day and Oxcarbazepine 150 MG, 1 tablet to be taken twice a day but affirmatively state that these medications were both discontinued in December 2021 by Dr. Ortiz at Detainee Krantz's request. Defendants admit that Detainee Krantz was prescribed Venlafaxine but deny that the initial dose was 150 MG.

12.     In answering Paragraph 12 of Plaintiff's First Amended Complaint, Defendants deny that Detainee Krantz was given "lesser doses" or "half the recommended amount" of his prescribed medications. Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegation that "they removed the intake of some of these medications" because it is vague to the point of being incomprehensible, and on that basis Defendants deny this allegation. Defendants admit that Detainee Krantz refused his medications on multiple occasions. Defendants deny the remaining allegations.

13.     In answering Paragraph 13 of Plaintiff's First Amended Complaint, Defendants deny that Detainee Krantz was taking "Venlaxafine." Defendants admit that Detainee Krantz was taking Venlafaxine but deny that he was provided half of the original

dose. Defendants admit that Lithium Carbonate was discontinued by Dr. Ortiz in December 2021 at Detainee Krantz's request. Defendants deny the remaining allegations.

14.     In answering Paragraph 14 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

15.     In answering Paragraph 15 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

16.     In answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

17.     In answering Paragraph 17 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

18.     In answering Paragraph 18 of Plaintiff's First Amended Complaint, Defendants admit only that Detainee Krantz refused his medications on multiple occasions. Defendants deny the remaining allegations.

19.     Paragraph 19 of Plaintiff's First Amended Complaint calls for an expert medical conclusion to which no answer is required, and none is provided. To the extent that an answer is required, Defendants deny the allegations.

20.     In answering Paragraph 20 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

21.     In answering Paragraph 21 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

22.     In answering Paragraph 22 of Plaintiff's First Amended Complaint, Defendants admit that there were five other inmate/detainee suicides at Defendant CoreCivic's New Mexico facilities from 2019 to 2022 but deny the remaining allegations, including the allegation that the circumstances were "similar" to the present case.

23.    In answering Paragraph 23 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

24.    In answering Paragraph 24 of Plaintiff's First Amended Complaint, Defendants admit only that another detainee discovered Mr. Asher and assisted him until officers arrived. Defendants deny the remaining allegations.

25.    In answering Paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit only that Inmate Guilez committed suicide by hanging. Defendants deny the remaining allegations.

26.    In answering Paragraph 26 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

27.    In answering Paragraph 27 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

28.    In answering Paragraph 28 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

29.    In answering Paragraph 29 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

30.    In answering Paragraph 30 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

31.    In answering Paragraph 31 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

32.    In answering Paragraph 32 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

33.    In answering Paragraph 33 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

34.    In answering Paragraph 34 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

35.    In answering Paragraph 35 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

36.    In answering Paragraph 36 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

37.    In answering Paragraph 37 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

38.    In answering Paragraph 38 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

39.    In answering Paragraph 39 of Plaintiff's First Amended Complaint, Defendants admit that Mr. Peterson testified that he was trained to ask detainees to take items covering their cells down. Defendants affirmatively state that Mr. Peterson also testified that if an inmate left the covering up, he could write the inmate up or take the item down himself. Defendants deny the remaining allegations.

40.    In answering Paragraph 40 of Plaintiff's First Amended Complaint, Defendants admit only that Mr. Peterson testified as alleged but deny the substance and accuracy of his testimony.

41.    In answering Paragraph 41 of Plaintiff's First Amended Complaint, Defendants admit only that Mr. Peterson testified as alleged but deny the substance and accuracy of his testimony.

42.    In answering Paragraph 42 of Plaintiff's First Amended Complaint, Defendants admit the allegations and affirmatively state that Mr. Peterson was not observed failing to follow the policy.

43.    In answering Paragraph 43 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

44.    In answering Paragraph 44 of Plaintiff's First Amended Complaint, Defendants admit only that Mr. Peterson testified as alleged but deny the substance and accuracy of his testimony.

45.    Paragraph 45 of Plaintiff's First Amended Complaint calls for a legal conclusion to which no answer is required, and none is given. To the extent an answer is required, Defendants deny the allegations.

46.    In answering Paragraph 46 of Plaintiff's First Amended Complaint, Defendants admit that Defendant CoreCivic has policies and procedures to protect the health and safety of inmates/detainees at CCCC. Defendants deny the remaining allegations.

47.    In answering Paragraph 47 of Plaintiff's First Amended Complaint, Defendants admit that Defendant CoreCivic is contractually required to maintain American Correctional Association ("ACA") accreditation at CCCC. Plaintiff's First Amended Complaint fails to sufficiently identify the "several other federal and state laws, regulations, and policies" referred to in this Paragraph as needed for Defendants to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis Defendants deny them. Defendants deny the remaining allegations.

48.    In answering Paragraph 48 of Plaintiff's First Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis Defendants deny them.

49.    In answering Paragraph 49 of Plaintiff's First Amended Complaint, Defendants admit that Defendant CoreCivic's policy at CCCC requires that a multidisciplinary suicide prevention committee consisting of custody, mental health, and

medical staff meet at least quarterly and provide input on suicide prevention policies and training. Plaintiff's First Amended Complaint fails to sufficiently identify the "federal and state laws, policies, and regulations" referred to in this Paragraph as needed for Defendants to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis Defendants deny them.

50.    In answering Paragraph 50 of Plaintiff's First Amended Complaint, Defendants admit that Defendant CoreCivic requires that all staff who interact with inmates undergo initial pre-service and annual refresher training in self-harm and suicide prevention. Plaintiff's First Amended Complaint fails to sufficiently identify the "federal and state laws, policies, and regulations" referred to in this Paragraph as needed for Defendants to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis Defendants deny them.

51.    In answering Paragraph 51 of Plaintiff's First Amended Complaint, Defendants admit that Defendant CoreCivic's policy at CCCC requires that staff remain vigilant in recognizing and appropriately reporting when an inmate/detainee is identified as being at risk for significant self-harm/suicide. Plaintiff's First Amended Complaint fails to sufficiently identify the "same policies" referred to in this Paragraph as needed for Defendants to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis Defendants deny them.

52.    In answering Paragraph 52 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

53.    In answering Paragraph 53 of Plaintiff's First Amended Complaint, Defendants admit that individuals placed on suicide precautions are subject to enhanced observation and monitoring and may have restrictions placed on the objects and clothing they are permitted to have in their cells. Defendants deny the remaining allegations.

54.    In answering Paragraph 54 of Plaintiff's First Amended Complaint, Defendants admit that Defendant CoreCivic's policy at CCCC provides that consistent communication shall be maintained between custody, mental health, and medical staff to mitigate the risk for significant self-harm/suicide. Plaintiff's First Amended Complaint fails to sufficiently identify the "federal and state laws, policies, and regulations, and the standard of care" referred to in this Paragraph as needed for Defendants to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis Defendants deny them.

55.    In answering Paragraph 55 of Plaintiff's First Amended Complaint, Defendants admit that Defendant CoreCivic's policy at CCCC provides definitional criteria for diagnosing an inmate/detainee as Seriously Mentally Ill ("SMI") and that this diagnosis must be made by a qualified medical or mental health provider. Plaintiff's First Amended Complaint fails to sufficiently identify the "federal and state laws, policies, and regulations, and the standard of care" referred to in this Paragraph as needed for Defendants to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis Defendants deny them.

56.    In answering Paragraph 56 of Plaintiff's First Amended Complaint, Defendants admit that if an inmate/detainee at CCCC is classified as SMI, a qualified medical or mental health provider must create a treatment plan as specified by policy. Defendants deny the remaining allegations.

57.    In answering Paragraph 57 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

58.    In answering Paragraph 58 of Plaintiff's First Amended Complaint, Defendants admit that Defendant CoreCivic's policy at CCCC requires that qualified mental health and/or medical professionals conduct a comprehensive mental health

evaluation for all inmates/detainees following intake at the facility, which includes evaluation of suicide risk. Plaintiff's First Amended Complaint fails to sufficiently identify the "federal and state laws, policies, and regulations, and the standard of care" referred to in this Paragraph as needed for Defendants to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis Defendants deny them.

59.     In answering Paragraph 59 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

60.     Paragraph 60 of Plaintiff's First Amended Complaint calls for a legal conclusion to which no answer is required, and none is given. To the extent an answer is required, Defendants deny the allegations.

61.     In answering Paragraph 61 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

62.     In answering Paragraph 62 of Plaintiff's First Amended Complaint, the First Amended Complaint fails to provide sufficient information identifying the "inspection" referenced in Paragraphs 62 through 68 for Defendants to form a belief as to the truth of the allegations, and on that basis Defendants deny them.

63.     In answering Paragraph 63 of Plaintiff's First Amended Complaint, the First Amended Complaint fails to provide sufficient information identifying the "inspection" referenced in Paragraphs 62 through 68 for Defendants to form a belief as to the truth of the allegations, and on that basis Defendants deny them.

64.     In answering Paragraph 64 of Plaintiff's First Amended Complaint, the First Amended Complaint fails to provide sufficient information identifying the "inspection" referenced in Paragraphs 62 through 68 for Defendants to form a belief as to the truth of the allegations, and on that basis Defendants deny them.

65.    In answering Paragraph 65 of Plaintiff's First Amended Complaint, the First Amended Complaint fails to provide sufficient information identifying the "inspection" referenced in Paragraphs 62 through 68 for Defendants to form a belief as to the truth of the allegations, and on that basis Defendants deny them.

66.    In answering Paragraph 66 of Plaintiff's First Amended Complaint, the First Amended Complaint fails to provide sufficient information identifying the "inspection" referenced in Paragraphs 62 through 68 for Defendants to form a belief as to the truth of the allegations, and on that basis Defendants deny them.

67.    In answering Paragraph 67 of Plaintiff's First Amended Complaint, the First Amended Complaint fails to provide sufficient information identifying the "inspection" referenced in Paragraphs 62 through 68 for Defendants to form a belief as to the truth of the allegations, and on that basis Defendants deny them.

68.    In answering Paragraph 68 of Plaintiff's First Amended Complaint, the First Amended Complaint fails to provide sufficient information identifying the "inspection" referenced in Paragraphs 62 through 68 for Defendants to form a belief as to the truth of the allegations, and on that basis Defendants deny them.

69.    In answering Paragraph 69 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

70.    In answering Paragraph 70 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

71.    In answering Paragraph 71 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

72.    In answering Paragraph 72 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

73.    In answering Paragraph 73 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

74.    In answering Paragraph 74 of Plaintiff's First Amended Complaint, the First Amended Complaint fails to provide sufficient information identifying the "concerning" communications referenced in Paragraph 74 for Defendants to form a belief as to the truth of the allegations, and on that basis Defendants deny them.

75.    In answering Paragraph 75 of Plaintiff's First Amended Complaint, Defendants admit that the third-party vendor providing messaging services to inmates/detainees at CCCC has a system that allows for review and approval of messages before they are sent to the recipient. Defendants deny the remaining allegations.

76.    In answering Paragraph 76 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

77.    In answering Paragraph 77 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny them. Defendants affirmatively state that Detainee Krantz did not report that he was struggling with his mental health to any CoreCivic staff in the several weeks prior to his death.

78.    In answering Paragraph 78 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

79.    In answering Paragraph 79 of Plaintiff's First Amended Complaint, Defendants admit only that the incident occurred sometime between 10:07 p.m. and 10:24 p.m. on March 16, 2022. Defendants deny the remaining allegations.

80.    In answering Paragraph 80 of Plaintiff's First Amended Complaint, Defendants admit that Captain West was the Shift Supervisor, Lieutenant Quintana was the Assistant Shift Supervisor, Detention Officer Weis was assigned to Central Control,

Detention Officer Townley was assigned to Unit 100, and Detention Officer Rodriguez was assigned to Unit 200 on the evening of March 16, 2022. Defendants deny the remaining allegations.

81.    In answering Paragraph 81 of Plaintiff's First Amended Complaint, Defendants admit that at approximately 10:06 p.m., Defendant Townley approached Detainee Krantz's cell and saw that he had a towel or sheet partially blocking the cell window. Defendants affirmatively state that Defendant Townley looked over the material that was partially blocking the cell window and into the cell to check on Detainee Krantz. Defendants deny the remaining allegations.

82.    In answering Paragraph 82 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

83.    In answering Paragraph 83 of Plaintiff's First Amended Complaint, Defendants admit that at approximately 10:24 p.m., Defendant Rodriguez entered the cell block and shortly thereafter approached Detainee Krantz's cell for count. Defendants deny the remaining allegations.

84.    In answering Paragraph 84 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

85.    In answering Paragraph 85 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

86.    In answering Paragraph 86 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

87.    In answering Paragraph 87 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

88.    In answering Paragraph 88 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

89.    In answering Paragraph 89 of Plaintiff's First Amended Complaint, Defendants admit only that EMS personnel arrived at approximately 10:48 p.m. to the medical area where Detainee Krantz had been moved, evaluated him, assisted medical staff with administering Epinephrine via IV, and then spoke with the with the on-call physician from Cibola General Hospital to obtain a time of death. Defendants deny the remaining allegations.

90.    In answering Paragraph 90 of Plaintiff's First Amended Complaint, Defendants admit that Detainee Krantz was declared deceased due to suspected hanging at 1:01 a.m. by the OMI. Defendants affirmatively state that while they were at the facility, EMS personnel spoke with the on-call physician from Cibola General Hospital, who called a code. Defendants deny the remaining allegations.

91.    In answering Paragraph 91 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

92.    In answering Paragraph 92 of Plaintiff's First Amended Complaint, Defendants admit only that Captain West was the Shift Supervisor and Lieutenant Quintana was the Assistant Shift Supervisor at the time of the incident. Defendants deny the remaining allegations.

93.    In answering Paragraph 93 of Plaintiff's First Amended Complaint, Defendants admit only that Detention Officer Weis was assigned to Central Control and that her responsibilities included monitoring surveillance video at the time of the incident. Defendants deny the remaining allegations.

94.    In answering Paragraph 94 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

**COUNT I**
**WRONGFUL DEATH BY ALL DEFENDANTS**

95.     In answering Paragraph 95 of Plaintiff's First Amended Complaint, Defendants incorporate their answers to the preceding paragraphs as if fully set forth herein.

96.     In answering Paragraph 96 of Plaintiff's First Amended Complaint, Defendants admit the allegations.

97.     In answering Paragraph 97 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

98.     In answering Paragraph 98 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

99.     In answering Paragraph 99 of Plaintiff's First Amended Complaint, Defendants admit that they owed a general duty of care to Detainee Krantz. Defendants deny the remaining allegations.

100.    In answering Paragraph 100 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

101.    In answering Paragraph 101 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

102.    In answering Paragraph 102 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

103.    In answering Paragraph 103 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

**COUNT II**
**VIOLATIONS OF THE FOURTEENTH AMENDMENT BY ALL**
**DEFENDANTS UNDER 42 U.S.C. § 1983**

104.    In answering Paragraph 104 of Plaintiff's First Amended Complaint, Defendants incorporate their answers to the preceding paragraphs as if fully set forth herein.

105.    Paragraph 105 of Plaintiff's First Amended Complaint calls for a legal conclusion, to which no answer is required, and none is given. To the extent that an answer is required, Defendants deny the allegations.

106.    In answering Paragraph 106 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

107.    In answering Paragraph 107 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

108.    In answering Paragraph 108 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

109.    In answering Paragraph 109 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

110.    In answering Paragraph 110 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

111.    In answering Paragraph 111 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

112.    In answering Paragraph 112 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

113.    In answering Paragraph 113 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

114.    In answering Paragraph 114 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

115.    In answering Paragraph 115 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

116.    In answering Paragraph 116 of Plaintiff's First Amended Complaint, Defendants deny the allegations and further affirmatively state that Detainee Krantz was a federal detainee under the custody of the United States Marshals Service at the time of his death, such that Defendants were not acting under color of state law with respect to Detainee Krantz.

117.    In answering Paragraph 117 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

118.    In answering Paragraph 118 of Plaintiff's First Amended Complaint, Defendants admit only that they had policies and procedures to adequately supervise detainees, including Detainee Krantz. Defendants deny that they failed to follow these policies. Defendants deny the remaining allegations.

119.    In answering Paragraph 119 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

120.    In answering Paragraph 120 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

## COUNT III
## MEDICAL NEGLIGENCE BY DEFENDANT CORECIVIC

121.    In answering Paragraph 121 of Plaintiff's First Amended Complaint, Defendants incorporate their answers to the preceding paragraphs as if fully set forth herein.

122.   In answering Paragraph 122 of Plaintiff's First Amended Complaint, Defendants deny that this paragraph accurately states the applicable standard of care for health care providers in New Mexico.

123.   In answering Paragraph 123 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

124.   In answering Paragraph 124 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

125.   In answering Paragraph 125 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

126.   In answering Paragraph 126 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

127.   In answering Paragraph 127 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

128.   In answering Paragraph 128 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

129.   In answering Paragraph 129 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

## COUNT IV
## NEGLIGENCE BY DEFENDANT CORECIVIC

130.   In answering Paragraph 130 of Plaintiff's First Amended Complaint, Defendants incorporate their answers to the preceding paragraphs as if fully set forth herein.

131.   In answering Paragraph 131 of Plaintiff's First Amended Complaint, Defendants admit that they owed a general duty of care to detainees, including Detainee Krantz. Defendants deny the remaining allegations.

132.   In answering Paragraph 132 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

133.   In answering Paragraph 133 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

134.   In answering Paragraph 134 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

135.   In answering Paragraph 135 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

136.   In answering Paragraph 136 of Plaintiff's First Amended Complaint, Defendants admit that Warden Nilius, Captain West, Lieutenant Quintana, and Detention Officers Rodriguez, Townley, and Weis were employees of Defendant CoreCivic at CCCC and were acting within the scope of their employment at the time of the incident. Defendants deny that Warden Nilius, Captain West, Lieutenant Quintana, and Detention Officers Rodriguez, Townley, and Weis were negligent or that Defendant CoreCivic is vicariously liable for their actions.

137.   In answering Paragraph 137 of Plaintiff's First Amended Complaint, including all subparts, Defendants admit that they owed a general duty of care to detainees, including Detainee Krantz. Defendants deny the remaining allegations.

138.   In answering Paragraph 138 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

139.   In answering Paragraph 139 of Plaintiff's First Amended Complaint, Defendants deny the allegations.

## PRAYER FOR RELIEF

In answering Plaintiff's Request for Relief, Defendants deny all allegations of wrongdoing and deny that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

1.      As a separate and alternative affirmative defense, Defendants allege that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2.      As a separate and alternative affirmative defense, Defendants allege that Detainee Krantz's death was not caused by any wrongful act, neglect, or default on the part of any of the Defendants.

3.      As a separate and alternative affirmative defense, Defendants allege that their conduct was not negligent and did not violate the applicable standard of care.

4.      As a separate and alternative affirmative defense, Defendants allege that they did not breach any duty owed.

5.      As a separate and alternative affirmative defense, Defendants allege that they are severally liable, if at all, only for that portion of the negligence, if any, that can be attributed to them.

6.      As a separate and alternative affirmative defense, Defendants allege that if they were negligent, which negligence is specifically denied, then Detainee Krantz was also negligent in failing and/or neglecting to use that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances and that such negligence proximately caused or contributed to cause all matters complained of in the First Amended Complaint, thereby reducing the amount of Plaintiff's recovery for total damages by an amount proportionate to Detainee Krantz's degree of fault.

7.      As a separate and alternative affirmative defense, Defendants allege that neither Detainee Krantz nor Plaintiff suffered any damage, injury, or otherwise, as a result of the Defendants' alleged actions and/or inactions.

8.    As a separate and alternative affirmative defense, Defendants allege that any alleged action or inaction on their part was not the proximate cause of Detainee Krantz's injuries, losses, and damages.

9.    As a separate and alternative affirmative defense, Defendants allege that Plaintiff's injuries were proximately caused by an independent intervening or superseding cause for which they are not liable.

10.    As a separate and alternative affirmative defense, Defendants allege that at all times material herein they acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

11.    As a separate and alternative affirmative defense, Defendants allege that Detainee Krantz's injuries, losses, and damages were the result of the assumption of risk by Detainee Krantz.

12.    As a separate and alternative affirmative defense, Defendants allege that they were not deliberately indifferent to Detainee Krantz's serious medical or mental health needs or conditions.

13.    As a separate and alternative affirmative defense, Defendants allege that they did not disregard a substantial risk of serious harm to Detainee Krantz.

14.    As a separate and alternative affirmative defense, Defendants allege that they were not aware of and did not disregard a significant risk that Detainee Krantz would commit suicide.

15.    As a separate and alternative affirmative defense, Defendants allege that it was not foreseeable that Detainee Krantz would commit suicide.

16.    As a separate and alternative affirmative defense, Defendants allege that they were not deliberately indifferent to their supervisory responsibilities with regard to prevention of suicide at CCCC.

17.    As a separate and alternative affirmative defense, Defendants allege that Defendant CoreCivic exercised reasonable care in hiring, retaining, supervising, and training its employees at CCCC.

18.    As a separate and alternative affirmative defense, Defendants allege that they are entitled to all privileges and immunities existing under federal and New Mexico law.

19.    As a separate and alternative affirmative defense, Defendants allege that none of the acts or failures of Defendants, as alleged in the First Amended Complaint and which are specifically denied, state a cause of action for punitive damages.

20.    As a separate and alternative affirmative defense, Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor any conduct involving reckless or callous indifference to the rights of Detainee Krantz, thereby precluding punitive damages.

21.    As a separate and alternative affirmative defense, Defendants allege that Plaintiff is not entitled to the compensatory damages sought.

22.    As a separate and alternative affirmative defense, Defendants allege that Detainee Krantz's only known statutory beneficiary, Kimberly Krantz, did not have a close relationship with Detainee Krantz at the time of his death, thereby reducing or precluding the Estate from recovering any award for damages for loss of consortium.

23.    Although Defendants do not have specific facts in support of their remaining defenses at this time, Defendants reserve the right to assert the following affirmative defenses pursuant to Fed. R. Civ. P. 8 and 12 should subsequent discovery disclose facts in support of them, including but not limited to: laches, res judicata, estoppel, and waiver.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all triable issues.

**WHEREFORE**, Defendants respectfully request that:

A.    Plaintiff's First Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing therein;

B.    Defendants be awarded their costs, expenses, and attorneys' fees; and

C.    Defendants be awarded such other and further relief as this court deems just and equitable.

Dated: May 20, 2024

*/s/ Anne M. Orcutt*
Daniel P. Struck, AZ Bar No. 012377
Jacob B. Lee, NM Bar No. 154613
Anne M. Orcutt, AZ Bar No. 029387
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel.: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
jlee@strucklove.com
aorcutt@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Tel.: (505) 884-7887
Fax: (505) 884-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants CoreCivic, Nilius, Quintana, Rodriguez, Townley, Weis, and West*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ramon A. Soto
THE SOTO LAW OFFICE, LLC
300 Central Ave. SW, Ste. 2500W
Albuquerque, NM 87102
ramon@sotolawoffice.co
*Attorneys for Plaintiff*

Taylor E. Smith
SMITH & ASSOCIATES, LLC
P.O. Box 94207
Albuquerque, NM  87199-4207
taylor@smithnmlaw.com
*Attorneys for Plaintiff*

*/s/ Kim Penny*